**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
MARK A. BORENSTEIN (State Bar No. 84987)
mborenstein@obsklaw.com
GREGORY A. ELLIS (State Bar No. 204478)
gellis@obsklaw.com
601 West Sixth Street, Twelfth Floor
Los Angeles, CA  90071-2025
Telephone:    (213) 613-4655
Facsimile:    (213) 613-4656

**Attorneys for Defendant Cott Beverages Inc.**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| The Citri-Lite Company, Inc., a California corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>Cott Beverages, Inc., dba Cott Beverages U.S.A., a Georgia corporation, and Does 1-25,<br><br>            Defendants. | CASE NO. 1:07-CV-01075-OWW-DLB<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL** |

This Stipulated Protective Order Regarding Confidential Material ("Order") is entered into by and among Plaintiff, The Citri-Lite Company, Inc. ("Plaintiff"), on the one hand, and Defendant Cott Beverages Inc. ("Defendant"), on the other, through their respective counsel of record herein, as follows:

  1.     The production and disclosure of documents and information in this Action may involve the disclosure of private, proprietary, or business information that could harm a party's or non-party's competitive standing; therefore, this Order permits documents and/or information to be specifically designated as Confidential Material in the manner provided herein.

  2.     Effective upon entry by the Court, this Order shall govern, and shall be applied to protect, any and all documents and information provided or disclosed in all discovery proceedings,

PDF created with pdfFactory trial version www.pdffactory.com

informal exchanges between the parties, and settlement negotiations, whether prior to or subsequent to the entry of this Order.

3. <u>Definitions</u>:

(a.) <u>Party.</u>  Generic references to "Party" or "Parties" mean any of the named parties in this Action, individually or collectively, including officers, directors, employees, and agents of any Party (but not Counsel).

(b.) <u>Disclosing Party</u>.  "Disclosing Party" or "Disclosing Parties" means any Party or non-party, including any officers, directors, employees, and agents thereof (but not Counsel), who produce or disclose, or who are requested to produce or disclose Confidential Material in connection with this Action.

(c.) <u>Receiving Party.</u>  "Receiving Party" or "Receiving Parties" means any Party, including any officers, directors, employees, and agents thereof (but not Counsel), to whom Confidential Material is produced or disclosed, or who request the production or disclosure of Confidential Material, in connection with this Action.

(d.) <u>Documents and information</u>.  The terms "documents and information" and "documents or information" mean all documents, materials, and tangible items and things and all information, data, and electronic media, regardless of form or title, including, but without limitation, (1) exhibits, answers to interrogatories, responses to requests for admission, responses to document requests, deposition and trial testimony and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof), as well as the contents thereof, (2) copies, notes, abstracts, descriptions, and summaries of such documents and information, and the information itself, and (3) pleadings, affidavits, declarations, briefs, motions, exhibits, attachments, transcripts and other writings containing any such information.

(e.) <u>Confidential</u>.  "Confidential" refers to documents and information that contain, reflect or reveal: (1) non-public current or future business, strategic, or operational plans; (2) proprietary, financially, competitively or commercially sensitive documents and information; (3) trade secrets ; (4) technical product specifications and information; (5)

- 2 -

PDF created with pdfFactory trial version www.pdffactory.com

revenue, cost and future sales and financial projections, (6) non-public marketing plans, (7) customer lists, (8) computer programs and decisional models used in the Disclosing Party's business operations, and (9) other documents and information the Disclosing Party can demonstrate are sufficiently sensitive that disclosure would unreasonably reveal significant business, competitive or financial information of the Disclosing Party, or would compromise the integrity of the Disclosing Party's decisionmaking functions or the security of the Disclosing Party's customer data, operating systems, or customer funds.  Confidential documents and information also include personal or private information, such as (without limitation) personnel, consumer, customer and financial information.  The Disclosing Party shall bear the ultimate burden of proving that any documents or information it has designated "Confidential" meet the foregoing definition.

(f.)   <u>Confidential Material.</u>  "Confidential Material" refers collectively to documents and information designated "Confidential" by any Disclosing Party or by a non-party in accordance with the terms of this Order.

(g.)   <u>Counsel</u>.  "Counsel" means outside counsel for a Party in the Action and Counsel's secretarial and support personnel and other assistants to whom it is necessary for Counsel to disclose Confidential Material for the purpose of handling this Action.

(h.)   <u>Expert.</u>  "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

(i.)   <u>Action</u>.  "Action" means the present action, entitled <u>The Citri-Lite Company, Inc. v. Cott Beverages, Inc.</u>, United States District Court for the Eastern District of California, Case No. 1:07-CV-01075-OWW-DLB.

4.   The terms of this Order shall govern the use of all Confidential Material produced or disclosed in discovery and in any pre-trial proceedings in this Action, from and after the date this Order is entered by the Court, but shall not apply to the use of such Confidential Material at trial.

PDF created with pdfFactory trial version www.pdffactory.com

5.   In designating documents and information to be produced or disclosed in discovery or other pre-trial proceedings, Disclosing Parties shall act reasonably and in good faith to designate as Confidential Material only the specific documents and information that qualify as Confidential Material under the standards set forth in this Order.

6.   Notwithstanding anything to the contrary in this Order, and absent a further order by the Court or written agreement of the Parties, all documents and information produced or disclosed in discovery or other proceedings in this Action that have been designated as Confidential Material shall be used by the Receiving Parties solely in connection with this Action.  All such Confidential Material shall only be disclosed to a Receiving Party as permitted herein and not otherwise.

7.   To the extent that a Party or Counsel believes it is necessary to submit with the pleadings, or as evidence in any proceeding in this Action, any Confidential Material, such Parties and Counsel shall strictly comply with the provisions of Eastern District Local Rule 39-141.  Any Party submitting to the Court Confidential Material designated as such by another Party or by a non-party shall strictly comply with the provisions of Eastern District Local Rule 39-141.

8.   The designation of documents and information as "Confidential" for purposes of this Order shall be made in the following manner by the Disclosing Party:

   (a.)   In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other tangible materials (apart from depositions or other pretrial or trial testimony):  by affixing the legend "CONFIDENTIAL" to any such documents and information at the time such documents and information are produced or disclosed, or as soon thereafter as the Disclosing Party becomes aware of the Confidential nature of the documents and information disclosed and sought to be protected hereunder.

   (b.)   In the case of depositions or other pretrial or trial testimony: (i) by a statement on the record during such deposition or other pretrial or trial proceeding that the entire transcript, or any portion thereof, shall be designated "Confidential" hereunder; or (ii) by written notice of such designation hand-delivered to Counsel for all Parties within thirty (30) calendar days after the mailing to Counsel or the Parties of the transcript containing the

- 4 -

PDF created with pdfFactory trial version www.pdffactory.com

testimony to be designated.  During a deposition, the deponent or his counsel, or any other Counsel present at the deposition, may invoke the provisions of this Order by stating on the record to those present that testimony given or about to be given is being designated "Confidential" under this Order.  The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.  If any document or information previously designated "Confidential" is used during the course of a deposition or other proceeding in this Action, that portion of the deposition transcript reflecting or revealing the contents of Confidential Material shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the terms of this Order.  All tangible, video and/or audio copies of depositions that have been stated to contain, in whole or in part, Confidential Material, shall be prominently marked to reflect that they contain Confidential Material.

    (c.)    If Confidential Material is produced in a non-paper medium (e.g., video tape, audio tape, computer and/or video disks, etc.), the Disclosing Party shall place or affix the appropriate confidentiality legend as described in Paragraph 8(a) above on the medium, if possible, and to its container, so as clearly to give notice of the designation. To the extent that any Receiving Party prints any documents or information contained on non-paper media that constitutes Confidential Material, such printouts and copies thereof are also Confidential Material and shall be legended as described in Paragraph 8(a) above by the Receiving Party.

9.    Documents and information designated "Confidential," and all copies or extracts therefrom and all compilations, descriptions and summaries thereof, may be produced, disclosed, or otherwise communicated or made available, in whole or in part, only to the following persons and no others:

    (a.)    Counsel, in-house counsel for the Parties, and regular and temporary employees of any such attorneys to whom it is necessary that the documents and information be shown for the purposes of assisting the attorneys with this Action.

- 5 -

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

PDF created with pdfFactory trial version www.pdffactory.com

(b.) The Parties to this Action, and agents and employees of Parties to this Action whose assistance is needed by Counsel or by a Party for the purposes of this Action.

(c.) Any Expert, actually retained or employed, whether full or part time, by or at the direction of Counsel or a Party, and any necessary secretarial, clerical, and support personnel and other assistants of the Expert or consultant, subject to and conditioned upon compliance with the requirements of Paragraph 11 herein.

(d.) Any author or recipient of the documents or information identified as such on the face of the document, whose testimony is anticipated at the trial or in any hearing or deposition in this Action, provided that such person signs the Certification attached hereto as Exhibit A ("Certification") before being shown any Confidential documents or information. Persons shown Confidential documents or information under this subparagraph shall not be allowed to retain copies thereof.

(e.) The Court and Court personnel.

(f.) Court reporters employed in connection with this Action.

(g.) Graphics or design services and/or copy services retained by Counsel for purposes of preparing paper or electronic copies or demonstrative or other exhibits for deposition, trial or other proceedings in this Action, subject to and conditioned upon compliance with the requirements of Paragraph 11.

(h.) Bona fide jury or trial consultants employed, whether full or part time, by or at the direction of Counsel, for purposes of this Action, subject to and conditioned upon compliance with the requirements of Paragraph 11 herein; and

(i.) Any other person authorized by order of the Court or prior written consent of the Disclosing Party or non-party.

10. With the exception of those persons identified in Paragraphs 9(a), 9(e), and 9(f),, any person receiving Confidential Material as permitted under Paragraph 9 must first be given a copy of this Order and must signify their agreement to be bound by and to comply with the terms of this Order, by executing the Certification attached as Exhibit A to this Order.

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

PDF created with pdfFactory trial version www.pdffactory.com

     11.    A Receiving Party may challenge a Disclosing Party's designation of information or materials as Confidential Material by serving written objections to the designations upon the Disclosing Party.  The objections shall notify the Disclosing Party of the particular information or materials whose designations the Receiving Party objects to and the reasons the Receiving Party considers those designations to be objectionable and/or improper.  The Disclosing Party shall respond in writing, setting forth the bases for its designations, within fourteen (14) calendar days after receiving any written objections.  The Parties shall meet and confer in good faith as to the validity of the designation(s) and objection(s) within ten (10) calendar days after the Receiving Party has received notice from the Disclosing Party of the bases for the asserted designations.  Such "meet and confer" discussions may be either in person or via telephone.  To the extent the Parties are unable to reach agreement as to the designations and objections after meeting and conferring, the Disclosing Party shall file a motion with this Court to confirm the designation within fourteen (14) days after the Disclosing Party receives written notice from the Receiving Party that the "meet and confer" has concluded.  If a motion to confirm the designations is not filed within the above period after the Disclosing Party's receipt of written notification from the Receiving Party that the "meet and confer" has concluded, the Confidential Material shall upon the expiration of the said period lose the protections afforded to it pursuant to this Order.  The party asserting the propriety of any designation has the burden to show the designation is proper.  In the event a motion has been timely filed, there shall be no disclosure inconsistent with the limitations on disclosure provided for under this Order for the Confidential Material in dispute until a ruling is made by the Court on the motion.  Nothing in this paragraph shall preclude informal discussions between the parties to address by mutual agreement document designations (including but not limited to designations obviously made in error) without resort to the formal procedures set out above.

     12.    If a Receiving Party or non-party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that Party or non-party must as soon as practicable (a) notify in writing the Disclosing Party of the name of the party to whom the disclosure was made and the Confidential Material that was the subject of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

PDF created with pdfFactory trial version www.pdffactory.com

Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) use its best efforts to have such person or persons execute the Certification attached hereto agreeing to comply with the terms of this Order.  The Disclosing Party may also seek additional relief from the Court upon notice to all Parties or Counsel and upon a showing of good cause.

13. Inadvertent failure to designate qualified documents or information as Confidential Material does not, standing alone, waive the designating party's right to secure protection under this Order for such documents or information.  If documents or information are properly designated as Confidential Material after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that such documents or information are treated in accordance with the provisions of this Order.  Similarly, an inadvertent disclosure of information protected by the attorney-client privilege, work product doctrine or other applicable law, privilege, doctrine or immunity ("Privileged Material") does not, standing alone, waive the privilege or immunity protecting that information.  In the event of an inadvertent disclosure (in discovery or otherwise) of documents or information that is, or is claimed to be, Privileged Material, the Disclosing Party shall notify in writing any Receiving Parties that said disclosure was inadvertent and demand the return of the Privileged Material.  Upon receipt of such a demand, the Receiving Parties must return the identified Privileged Material and destroy all copies, extracts, summaries or records thereof; provided, however, that any Party receiving such written demand may move within forty-five (45) calendar days for an order challenging the designation of such documents or information as Privileged Material.  If a Party receiving notice of an inadvertent disclosure of Privileged Material under this paragraph elects to move for such an order, that Party shall be provisionally permitted to keep one copy of the Privileged Material for the sole purpose of submitting the copy to the Court under seal as part of its motion.  The Parties agree that inadvertent disclosure of Privileged Material shall not itself constitute a waiver of any privilege or protection that would otherwise be applicable to the Privileged Material.  A Party's return of Privileged Material in accordance with this paragraph is without prejudice to its right to challenge the claim of privilege or protection as provided hereunder.

PDF created with pdfFactory trial version www.pdffactory.com

14. A Party receiving Confidential Material pursuant to this Order shall:

    (a.) At all times, maintain all Confidential Material in a safe and secure location, in which access to the Confidential Material can be and is controlled and limited to those purposes and to those persons described in this Order, particularly in paragraphs 6, 9 and 10 of this Order. If Confidential Material is comprised of digital or electronic information, that Confidential Material shall be placed on a computer system or network only if it is in a password protected folder, file, or application so that it is accessible only to those persons described in paragraphs 6, 9, and 10; and

    (b.) Without the written consent of the Disclosing Party or non-party producing the Confidential Material, not make, or allow to be made, more copies of any Confidential Material than are reasonably necessary for use in this Action by the persons specified in paragraphs 9 and 10 above, and for any court filings.

15. A list shall be maintained by Counsel for each Party of the names of all persons (except for Counsel and their support personnel) to whom such Counsel has disclosed Confidential Material, and that list shall be available for inspection by the Court or as the Court may direct. Similar but separate lists shall also be maintained with respect to any disclosure of Confidential Material provided by non-parties.

16. All Counsel who have access to Confidential Material under this Order acknowledge hereby that they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

17. Agreeing to entry of this Order, and/or producing or receiving Confidential Material, and/or otherwise complying with the terms of this Order, shall not:

    (a.) Operate as an admission by any Party or Counsel that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information or document deemed by any party to constitute Confidential Material;

    (b.) Prejudice in any way the rights of any Party or Counsel to object to the production of documents or information they consider to be irrelevant or not a proper subject of discovery in the Action;

PDF created with pdfFactory trial version www.pdffactory.com

    (c.)  Prejudice in any way the rights of any Party or Counsel to object to the authenticity or admissibility into evidence of any Confidential Material;

    (d.)  Prejudice in any way the rights of any Party or Counsel to seek a determination by the Court whether any information or documents have been properly designated under the terms of this Order;

    (e.)  Prejudice in any way the rights of any Party or Counsel to petition the Court for a further protective order relating to any Confidential Material; and

    (f.)  Prevent the Parties from agreeing in writing, or on the record during a deposition or hearing in this Action, to alter or waive provisions or protections provided for herein with respect to any particular Confidential Material.

  18.  This Order shall not apply to a Party's use of its own Confidential Material for any purpose.  However, for purposes of disputing a Party's designation of information or documents as Confidential Material and resolving any such dispute, a Party's intentional disclosure of its own Confidential Material to any third party with which it does not share a confidential relationship, or to the public, shall be taken into account by the Court in determining whether the Confidential Material has been properly designated as "Confidential Material."

  19.  Nothing contained in this Order shall impose any restrictions on the use or disclosure by a Party of documents and information:  (a) which such Party obtained entirely from public sources; or (b) which are or become publicly known or publicly available through no fault or act of such Party; or (c) which it obtained lawfully and independently of any proceedings in this Action and without restriction on their further disclosure or use.

  20.  In the event that a Party is requested to produce or disclose in this Action documents or information the disclosure of which would violate the confidentiality or privacy rights of a non-party, or if production or disclosure of requested documents or information would violate a protective order issued in another action, the Disclosing Party will attempt to obtain the consent of the non-party to its production or disclosure of the requested documents and information.  If the consent of the non-party cannot be reasonably obtained, the Disclosing Party will notify the Party requesting production or disclosure of:  (a) the existence of the documents or information without

- 10 -

PDF created with pdfFactory trial version www.pdffactory.com

revealing their contents; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations).  The Party seeking discovery may then make further request to the non-party for the documents or information or may make a motion to the Court to obtain such documents or information.

21.     The terms of this Order shall apply to all manner and means of discovery, including inspection of books, records, documents, and tangible things.

22.     This Order shall govern discovery and other pretrial proceedings in this Action. Each of the Parties shall be entitled to seek modification of this Order by application to the Court via noticed motion and upon a showing of good cause.

23.     The Parties agree to be bound by the terms of this Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Order had been entered by the Court.

24.     Absent written agreement of the Parties or further order of the Court, and with the exception of documents used in open court at trial, the provisions of this Order shall continue to be binding throughout and after the conclusion of this Action, including, but without limitation, during the pendency of any appeals.  Within sixty (60) calendar days after receiving notice of the entry of an order, judgment or decree finally concluding this Action, including any appeals therefrom, all Receiving Parties shall, at the election of each Disclosing Party, either return all Confidential Material and all copies thereof (including summaries and excerpts) to Counsel for such Disclosing Party, or shall certify the complete destruction thereof to the Disclosing Party.  Counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain Confidential Material), provided that such Counsel, and employees of such Counsel, shall not disclose any such Confidential Material, including, but without limitation, material contained in court papers, transcripts, or attorney work product, to any person or entity except pursuant to court order or written agreement with the Disclosing Party.  All materials returned to the Parties or their Counsel by the Court likewise shall be handled in accordance with the provisions of this paragraph.

PDF created with pdfFactory trial version www.pdffactory.com

1    25.    Counsel shall meet and confer on such procedures as are necessary to protect the confidentiality of any Confidential Material intended to be used in the course of trial proceedings, and shall incorporate such procedures, as appropriate, into a pre-trial order or further stipulation.  In the absence of an agreement after the meet and confer process, the Disclosing Party may file a motion to seek appropriate protection from the Court for such Confidential Material.  A Receiving Party that intends to use or may use a Disclosing Party's Confidential Material at trial must give advance notice of such intent, specifically identifying the Confidential Material it intends to use or may use, sufficiently in advance of such use to permit such a motion to be filed.  In the event a motion has been timely filed, the protections of this Order shall remain in effect for the Confidential Material in dispute until a ruling is made by the Court on the motion.

26.    If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a Party, or (c) is served with any other legal process by one not a Party to this action, seeking Confidential Material by someone other than that Party, the Party receiving the subpoena, demand or process shall give prompt written notice, by hand or facsimile transmission, within five (5) calendar days of receipt thereof, to those person(s) who produced or designated the Confidential Material and shall object to its production to the extent permitted by law.

27.    A non-party to this Action subject to a subpoena issued by a party in this action shall have the right to make the designations provided by this Order.  If such third party elects to make such designations, and places the appropriate legends as provided by this Order, any information so designated shall be fully protected under the terms of this Order and subject to the same restrictions as information designated by a Party to this Action.

Dated this 3rd day of July, 2008.

                                          /s/ OLIVER W. WANGER
                                          Hon Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

PDF created with pdfFactory trial version www.pdffactory.com

Presented and agreed by:

Dated:  6-26-08                                KLEIN DENATALE GOLDNER COOPER
                                               ROSENLIEB & KIMBALL LLP



                                               By:  /s/ Tracy M. Saiki
                                                    Tracy M. Saiki
                                                    Attorneys for Plaintiff


Dated:  6/26/08                                OVERLAND BORENSTEIN SCHEPER &
                                               KIM LLP



                                               By:  /s/ Gregory A. Ellis
                                                    Gregory A. Ellis
                                                    Attorneys for Defendant.

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT A**

I, _____, declare as follows:

1. My business address is _____. My present occupation is _____.

2. I have received a copy of the Stipulated Protective Order Regarding Confidential Material in the action entitled The Citri-Lite Company, Inc. v. Cott Beverages, Inc., United States District Court for the Eastern District of California, Case No. 1:07-CV-01075-OWW-DLB (the "Action"). I have carefully read and understand the provisions of the Stipulated Protective Order.

3. I will comply with all the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulated Protective Order, and will not copy or use, except for purposes of the Action, any documents or information that I receive in connection with the Action. I will also comply with all provisions of the Stipulated Protective Order relating to documents and information that are designated as "Confidential Material." At the conclusion of the Action, I will return or destroy all Confidential Material in accordance with the terms of this Stipulated Protective Order.

4. I hereby consent to be subject to the personal jurisdiction of the United States District Court, Eastern District of California, Fresno Division, with respect to any proceedings relating to the enforcement of this Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 30th day of June 2008 at 8:05 a.m.

                                                /s/ OLIVER W. WANGER
                                                UNITED STATES DISTRICT JUDGE

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

PDF created with pdfFactory trial version www.pdffactory.com